NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SIGIFREDO QUINTERO MURRIETA, *Appellant.*

No. 1 CA-CR 14-0280
FILED 7-16-2015

Appeal from the Superior Court in Maricopa County
No. CR2012-146598-001
The Honorable John R. Ditsworth, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Andrew Reilly
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Maurice Portley joined.

**N O R R I S**, Judge:

¶1        Sigifredo Murrieta appeals from his convictions and sentences for four counts of sexual conduct with a minor, *see* Ariz. Rev. Stat. ("A.R.S.") § 13-1405 (Supp. 2014),[1] one count of kidnapping, *see* A.R.S. § 13-1304 (2010), one count of sexual abuse, *see* A.R.S. § 13-1404 (2010), and one count of aggravated assault.  *See* A.R.S. § 13-1204 (Supp. 2014).

¶2        On appeal, Murrieta argues the superior court improperly relied on Arizona Rule of Evidence 404(b) to preclude evidence the victim, Murrieta's daughter, had twice removed an ankle monitoring device she had worn in connection with a juvenile adjudication.  More specifically, relying on *State v. Machado*, 226 Ariz. 281, 284, ¶ 16, 246 P.3d 632, 635 (2011) *affirming* 224 Ariz. 343, 355–56, ¶¶ 29–32, 230 P.3d 1158, 1170–71 (App. 2010), Murrieta argues Rule 404(b) "was designed to protect defendants," not "witnesses such as the victim," and thus this evidence should have been admitted.  Murrieta further argues preclusion of this evidence violated his right to meaningfully cross-examine the victim regarding her motive to fabricate the allegations against him.  *See generally Davis v. Alaska*, 415 U.S. 308, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974); *State v. Dunlap*, 125 Ariz. 104, 608 P.2d 41 (1980).

¶3        Because the superior court precluded the evidence over Murrieta's general objection,[2] we review for harmless error.  *See State v.*

---

[1]Although the Arizona Legislature has amended certain statutes cited in this decision after the date of Murrieta's offenses, these revisions are immaterial to our resolution of this appeal.  Thus, we cite to the current version of these statutes.

[2]In objecting, Murrieta did not raise *Machado* nor did he argue, as he does on appeal, that the admissibility of the evidence was solely governed by Arizona Rules of Evidence 401 through 403 and not 404.  Murrieta also failed to argue the preclusion of this evidence violated his right to a meaningful cross-examination.  Under these circumstances, we

*Henderson*, 210 Ariz. 561, 567, ¶ 18, 115 P.3d 601, 607 (2005) ("Reviewing courts consider alleged trial error under the harmless error standard when a defendant objects at trial and thereby preserves an issue for appeal."). Assuming, without deciding, the superior court should have admitted the evidence, the error was harmless, and thus, we affirm Murrieta's convictions and sentences.

¶4　　　　"An error is harmless if a reviewing court can determine, beyond a reasonable doubt, that it neither affected nor contributed to the verdict." *State v. Yonkman*, 233 Ariz. 369, 376, ¶ 24, 312 P.3d 1135, 1142 (App. 2013). "The inquiry is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error." *State v. Bible*, 175 Ariz. 549, 588, 858 P.2d 1152, 1191 (1993) (quoting *Sullivan v. Louisiana*, 508 U.S. 275, 279, 113 S. Ct. 2078, 2081, 124 L. Ed. 2d 182 (1993)). Here, preclusion of the evidence the victim had twice removed her ankle monitoring device most assuredly did not affect nor contribute to Murrieta's convictions.

¶5　　　　At trial, defense counsel asserted this evidence demonstrated the victim's "motive and bias to lie." According to Murrieta's defense theory of the case, this evidence established the victim wanted to "get out of the house" and, thus, had motive to fabricate the allegations against him.

¶6　　　　Other evidence, however, established, corroborated, and confirmed the victim wanted to escape from home. As the superior court recognized in explaining its ruling, "It's very clear [the victim] was a runaway and that's what we are going to hear." And, indeed, that is precisely what the jury heard. At trial, the victim made no secret about her efforts to run away from home. The detective who investigated the case and two of the victim's brothers also testified the victim frequently ran away from home. Further, Murrieta discussed the victim's habit of running away in a video recording of his interview with police the State introduced into evidence and played for the jury. *Cf. State v. Bocharski*, 218 Ariz. 476, 486, ¶¶ 40–41, 189 P.3d 403, 413 (2008) (erroneous admission of evidence was harmless error when other, non-tainted proof clearly supported same facts). If, as Murrieta argues on appeal, his "goal was to corroborate his claim that [the victim] was motivated to fabricate her allegations to escape her living situation," the victim, the detective, and the victim's brothers

could easily find Murrieta has waived these arguments on appeal. We have, however, elected to address the propriety of the superior court's preclusion of the evidence based on the reason it gave. *See infra* ¶ 6.

provided more than ample testimony allowing him to do just that.[3] Thus, in closing, Murrieta's counsel argued the victim "ran away" and "continued to run away" and then pointed out "[o]ne of the most common examples [of fabricated allegations of sexual abuse] include teenage girls who are trying to change their living conditions."

## CONCLUSION

¶7        For the foregoing reasons, we affirm Murrieta's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[3]Furthermore, Murrieta corroborated much of the victim's testimony concerning his sexual contacts with her during his interview with police. *Cf. Yonkman*, 233 Ariz. at 376, ¶ 24, 312 P.3d at 1142 (preclusion of evidence defendant had been acquitted of similar prior offenses harmless error because defendant admitted to police he had touched victim, thereby corroborating victim's testimony).